**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

ZOYA KONDRATIUK,                                                    Civil Action No. 1:21-cv-0904

                Plaintiff,

    -against-                                                            **COMPLAINT**

ROLEX WATCH U.S.A., INC.,
MONTRES ROLEX SA,
JEAN-FREDERIC DUFOUR, individually,
MARK GOLDBERG, individually,
CHRISTOPHE BOUILLARD, individually,
SARAH O'CONNELL VAISHVILLE, individually,

                                     **Plaintiff Demands a Trial**
                                     **By Jury**

                Defendants.
-----------------------------------------------------------------------X

       Plaintiff, ZOYA KONDRATIUK (hereinafter referred to as "Plaintiff" or "KONDRATIUK"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC**, as and for Plaintiff's Complaint in this action against the Defendants ROLEX WATCH U.S.A., INC., MONTRES ROLEX SA, JEAN-FREDERIC DUFOUR (individually), MARK GOLDBERG (individually), CHRISTOPHE BOUILLARD (individually), and SARAH O'CONNELL VAISHVILLE (individually) (hereinafter all collectively referred to as "Defendants"), respectfully alleges as follows, upon information and belief:

## NATURE OF CASE

1. Plaintiff ZOYA KONDRATIUK, complains pursuant to The Age Discrimination in Employment Act of 1967 ("ADEA"), the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of

this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, age discrimination, hostile work environment, retaliation, and constructive discharge by Defendants.

## JURISDICTION AND VENUE

2.  Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the ADEA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3.  Additionally, the Court has supplemental jurisdiction under the State laws.

4.  28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.  On or about July 15, 2020, Plaintiff submitted a Charge with the Equal Employment Opportunity Commission ("EEOC").

6.  On or about July 23, 2020, Plaintiff received a Right to Sue Letter from the EEOC.

7.  Plaintiff satisfied all administrative prerequisites.

8.  Venue is proper in that the events arose in New York County within the Southern District of New York.

## THE PARTIES

### The Plaintiff

9.  Plaintiff is seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against and retaliated against by Plaintiff's employer on the basis of Plaintiff's age, together with a hostile work environment and constructive discharge.

10. Plaintiff ZOYA KONDRATIUK is an individual 55-year-old female who is a resident of the State of New Jersey, County of Monmouth.

11. Plaintiff is a covered employee under the Age Discrimination in Employment Act of 1967.

12. ROLEX WATCH U.S.A hired Plaintiff as a Programmer Analyst on or about February 1, 2000.

13. ROLEX WATCH U.S.A. promoted Plaintiff to Senior Programmer Analyst in or around 2002.

14. Plaintiff held the position of IT Analyst, a demotion received in 2017 by Defendant Bouillard, until she was constructively terminated on March 3, 2020.

**The Rolex Corporate Defendants**

15. Defendant ROLEX WATCH U.S.A., INC. is a domestic business corporation with its principal place of business located at 665 Fifth Avenue, New York, NY 10022. According to its website, Defendant ROLEX WATCH U.S.A., INC. is engaged in the wholesale distribution of watches and parts.

16. ROLEX WATCH U.S.A., INC. (hereinafter referred to as "ROLEX USA") was, and still is, a domestic business corporation authorized to do business in the state of New York, located and operated in New York, New York, with New York State Department of State ID # 81529. ROLEX WATCH U.S.A., INC. was formed on or about January 29, 1948.

17. Defendant MONTRES ROLEX SA (hereinafter referred to as "ROLEX GLOBAL") is a foreign business corporation with its principal place of business located at Rue François-Dussaud 3-5-7, 1211 Geneva 26, Geneva, Switzerland. According to its website, Defendant MONTRES ROLEX SA is engaged in the development of fine watches.

18. MONTRES ROLEX SA was, and still is a private company incorporated under the laws of Switzerland in 1905, that is the parent company and has full and complete control of Defendant ROLEX WATCH U.S.A., INC.

19. At all times relevant to this Complaint, Defendants ROLEX WATCH U.S.A., INC. and MONTRES ROLEX SA, meet the definition of an "employer" under all applicable state and local statutes.

20. At all times relevant to this Complaint, Defendants ROLEX WATCH U.S.A., INC. and MONTRES ROLEX SA were a "single" employer and "joint employers" of Plaintiff.

21. For the purposes of this Complaint, Defendants ROLEX WATCH U.S.A., and MONTRES ROLEX SA shall be jointly referred to as "Defendant ROLEX" or "ROLEX".

22. ROLEX is a covered employer under the Age Discrimination in Employment Act of 1967.

**The Individual Defendants (Corporate Employees)**

23. **Global CEO.** At all times material, Defendant ROLEX employed JEAN-FREDERIC DUFOUR (hereinafter referred to as "Dufour" or "Mr. Dufour") as its Chief Executive Officer. Dufour held a supervisory position at Defendants ROLEX, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant Dufour participated, directed, and encouraged the discrimination and hostile work environment of older workers at ROLEX.

24. **VP of IT.** At all times material, ROLEX employed Defendant CHRISTOPHE BOUILLARD (hereinafter referred to as "Bouillard" or "Mr. Bouillard") as a Vice President of Internet Technology ("VP of IT"). Bouillard held a supervisory position at ROLEX USA, controlling

many tangible aspects of Plaintiff's job duties, including holding the power to control Plaintiff's work, discipline Plaintiff and hire and fire Plaintiff.

25. **USA CFO.** At all times material, ROLEX employed Defendant MARK GOLDBERG (hereinafter referred to as "Goldberg" or "Mr. Goldberg") as Chief Financial Officer of ROLEX USA. Goldberg held a supervisory position controlling many tangible aspects of Plaintiff's job duties, including holding the power to control Plaintiff's work, discipline Plaintiff and hire and fire Plaintiff.

26. **USA Director of Human Resources.** At all times material, ROLEX employed Defendant SARAH O'CONNELL VAISHVILLE (hereinafter referred to as "Ms. Vaishville" or "Ms. Vaishville") as the Director of Human Resources for ROLEX USA. Ms. Vaishville held a supervisory position controlling many tangible aspects of Plaintiff's job duties, including holding the power to control Plaintiff's work, discipline Plaintiff and hire and fire Plaintiff. Ms. Vaishville failed to take correction action with regards to Plaintiff's complaints of discrimination, hostile work environment, and retaliation.

27. At all times material, Bouillard reported to and took direction from Defendant Dufour and Goldberg.

## STATEMENT OF FACTS

### Swiss Law Does Not Protect Older Workers

28. ROLEX is headquartered in Geneva, Switzerland.[1]

29. In ROLEX's home country of Switzerland, ageism is the most frequent form of discrimination according to a recent survey conducted by Le News. The study notes that the "rate of age

---

[1] https://www.rolex.com/about-rolex-watches/made-in-switzerland.html

discrimination (28%) is higher than sexism (22%) and racism (12%), according to Christian

Maggiori, a professor focused on social work interviewed by the newspaper La Liberté." [2]

30. Age discrimination is so widespread in Switzerland that, "Switzerland is one of the few

among developed countries where employers are *allowed* to stipulate in job advertisements

what age and gender, they require job candidates to be."[3]

31. Additionally, "Many employers lay off competent workers from age 58 onwards as a *social

cost reduction measure*. At the same time, there is widespread concern about the growing gap

in the state pension fund. Typically, less than 1% of job advertisements seek older workers

while there is intense competition among employers for skilled workers in the 25-40 age

group."[4]

32. Swiss law does not prevent employers from discriminating against employees based on their

age.

33. ROLEX is permitted to discriminate against older workers at their headquarters in Geneva,

Switzerland.

34. The High Court of the Canton of Zurich rejected a claim by a 51-year-old accountant against a

company which had rejected his application responding that it is not interested in applicants

who are older than 40. The court held that there is no legal provision preventing the company

from rejecting applicants due to their age.[5]

35. It is clear from management directives, actions, comments, conduct, and the policies of

ROLEX, that the company and its leaders believe they are immune from the laws of the

---

[2] https://lenews.ch/2018/12/28/agism-most-frequent-form-of-discrimination-in-switzerland-according-to-survey/
[3] https://www.irconsult.ch/2018/08/14/the-swiss-need-to-work-longer/
[4] *Id.*
[5] http://www.agediscrimination.info/international-age-discrimination/switzerland

United States protecting older workers from discrimination, a hostile work environment, retaliation, and termination.

**ROLEX Begins the Process of Transitioning Older Workers**

36. In or around 2016, ROLEX altered its retirement medical benefits plans in an effort to accelerate its goal of terminating older employees and creating a younger company and brand.

37. ROLEX believes that forcing older workers out is legal because ROLEX is permitted to force older workers out in its home country of Switzerland.

38. ROLEX increased the retirement medical benefits eligibility age for employees from fifty-five (55) years to sixty-two (62) years of age.

39. ROLEX also increased the eligibility from ten (10) years of service to twenty (20) years of service to participate in the retirement employee medical benefits plan.

40. This alteration of the retirement medical benefit plan, without grandfathering for then-current employees, forced many older employees out of ROLEX because they had no guarantee of job security for an extra seven (7) unaccounted for years.


**Defendant Bouillard Transfers from Geneva to New York**

41. In or around the end of 2016, ROLEX transferred from Geneva headquarters Defendant Bouillard as the Vice President of IT for ROLEX USA.

42. Bouillard is a French national.

43. Bouillard came from ROLEX's global headquarters offices in Geneva, Switzerland.

44. In an effort to impress those around him, Defendant Bouillard often misrepresented himself as the Chief Information Officer ("CIO") of ROLEX to several individuals including vendors when in fact he never held such position.

45. By way of example, when Defendant Bouillard attended conferences and events put on by Gartner, "CIO" was always printed on his badge.

46. By way of example, tasks of Defendant Bouillard recorded as CIO tasks in "Jira," project management software.

47. ROLEX USA has no CIO. Bouillard deliberately misrepresented his position at ROLEX.

48. In or around 2017, Bouillard continued his agenda to force older ROLEX employees working in the IT department out in accordance with instructions from Defendants Dufour and Goldberg.

49. From the very first days at ROLEX's offices in New York, Bouillard made insensitive and unapologetic comments in front of several ROLEX employees stating, "**Old people do not belong in IT.**" Defendant Bouillard created a hostile work environment on the basis of Plaintiff's age.

50. These comments were particularly insensitive considering that several of the employees in ROLEX's IT Department were older employees with decades of experience working for ROLEX. Plaintiff was one of those employees.

51. Bouillard made it very clear to the employees that he supervised in ROLEX's New York City offices that management in Geneva, particularly Defendant Dufour, shared his thoughts regarding the lack of continued viability of older workers in ROLEX's IT department.

52. While Plaintiff was speaking with her supervisor Maria Temchin in Ms. Temchin's office, Bouillard entered the office and stated, "**Mr. Dufour** [Rolex Global CEO] **wants young people in Rolex with the same vision he has, and old people don't have a future.**"

53. By way of example, Bouillard stated during IT meetings, "**Young and brilliant, that's what we need in IT.**" ROLEX created a hostile work environment on the basis of Plaintiff's age.

54. By way of example, Bouillard stated, "**Thierry Penet cannot get the Chief Information Officer position in Geneva because he is too old**," referring to the fact that Mr. Penet was no eligible to obtain the Chief Information Officer Position because he is over fifty-nine (59) years of age.

55. By way of example, Bouillard stated, "**Mr. Dufour would not let Gerald O'Rourke stay much longer because he is old and that is why he does not have the vision that our new president wants**," referring to the fact that Mr. O'Rourke was over or around sixty (60) years old and that his age did not comply with Defendant Dufour's vision for the company.

56. By way of further example, Mr. Bouillard also stated on one occasion, while pointing at Olha, an elderly employee from accounting with poor health, "**I don't understand what Olha is still doing here?**" referring to Olha's age and her failing health.

57. These comments were extremely offensive and hurtful to Plaintiff, a fifty-five (55) year old employee who expected her career at ROLEX to continue through retirement.

58. Plaintiff was shocked, embarrassed, and mortified at the extremely discriminatory and harassing comments made by Defendant Bouillard in reference to Plaintiff's age and lack of continued viability as an employee of ROLEX.

59. In or around 2017, Bouillard continued his agenda to force older ROLEX employees working in the IT department out in accordance with instructions from Defendants Dufour and Goldberg.

60. Bouillard promoted Rebecca Brandt, a female in her mid-thirties, to Project Manager. Ms. Brandt was unqualified for the position having just earned a Degree in Music.

61. Defendant Bouillard also began changing titles in the IT Department to remove seniority. He changed Plaintiff's title from "Senior Programmer Analyst" to "IT Analyst" because of

Plaintiff's age. Plaintiff was told that her title included a "LEVEL 5" to designate her seniority, however that title was not visible to anyone.

62. Plaintiff complained to ROLEX Human Resources Director Defendant Vaishville regarding this extremely abrupt demotion in title after more than seventeen (17) years employed by ROLEX with no disciplinary history, but no appropriate corrective action was taken.

63. Ms. Brandt went on maternity leave in 2018, and Defendant Bouillard hired Scott Hubbard (hereinafter referred to as "Mr. Hubbard") to replace her.

64. Immediately, Mr. Hubbard began to verbally harass Plaintiff because of her age.

65. By way of example only, Mr. Hubbard screamed at Plaintiff for no apparent reason in a meeting while several ROLEX employees watched in horror.

66. By way of further example only, Mr. Hubbard began screaming at Plaintiff and made malicious and frightening faces at her in her office. The incident became so terrifying that a colleague sitting with Plaintiff believed that a physical altercation was about to occur and alerted a supervisor, Maria Temchin.

67. On another occasion, Mr. Hubbard provokingly pointed the middle finger at Plaintiff in the hallway.

68. Plaintiff complained to ROLEX Human Resources Director Vaishville about Mr. Hubbard's actions.

69. After ROLEX investigated Plaintiff's complaint, Mr. Hubbard was terminated.

70. Defendant Bouillard was extremely upset about the decision to terminate Mr. Hubbard and appeared to be very upset at Plaintiff because she complained about the illegal age discrimination she was subjected to by Mr. Hubbard.

71. Defendant Bouillard, in response to Mr. Hubbard's termination stated, "**It is a shame we lost a young and brilliant man.**"

72. However, Mr. Hubbard had made several grave errors including posting private confidential ROLEX customer information on a public forum revealing confidential customer information.

73. After ROLEX terminated Mr. Hubbard, Defendant Bouillard told Plaintiff's manager, Maria Temchin (hereinafter referred to as "Ms. Temchin"), that she should have stopped Plaintiff from reporting the incident to Human Resources. Defendant Bouillard retaliated against Plaintiff and her manager Ms. Temchin for Plaintiff's good-faith complaints of age discrimination and because of Plaintiff's age.

74. After the last incident with Mr. Hubbard, Rebecca Brandt, with Defendant Bouillard's support as she was on the phone with him while incident happened, harassed Plaintiff in front of her manager and coworker because of Plaintiff's age and in retaliation for Plaintiff's opposition of illegal discrimination.

75. Ms. Brandt was trying to protect Mr. Hubbard. Mr. Brandt continually repeated, "**Christophe likes him a lot**."

76. The conversation quickly escalated and Ms. Brandt screamed and harassed Plaintiff because of Plaintiff's age and in retaliation for Plaintiff's opposition to illegal discrimination.

77. Plaintiff complained to ROLEX USA Human Resources Director Vaishville about the harassment on the basis of her age and because she was being retaliated against for her earlier complaints of discrimination and a hostile work environment.

78. After ROLEX Human Resources conducted an investigation, Ms. Brandt departed the company.

79. After Ms. Brandt's departure, Mr. Bouillard again stated, "**It's shame we are losing *young and talented* people.**"

80. On September 17, 2019, Defendant Bouillard announced a reorganization of the Department.

81. Prior to this announcement, Defendant Bouillard and the Director of Human Resources Defendant Vaishville met with each employee and explained the changes, stressing that "**nothing has been changed**" for Plaintiff and her manager Maria Temchin. This was false.

82. Defendant Bouillard gave Plaintiff a <u>demotion</u> by reducing her responsibilities to that of a First Level Support Analyst, a role that requires almost no experience or background in support.

83. On or around October 11, 2019, a younger ROLEX employee, in reference to new openings on their team, stated, "**We don't need experienced, <u>just young and hungry</u>.**"

84. By way of example, a younger ROLEX employee stated that he did not need "**dinosaurs in his team, but young and hungry**," when discussing qualifications for new members of his team.

85. In or around September 2019, after the reorganization started by Defendant Bouillard, he ordered all of Plaintiff's projects to be transferred to a younger employee because of Plaintiff's age and because Plaintiff opposed illegal discrimination.

86. Plaintiff's role requires that she use a tracking system named "Ivanti" to track tasks and projects. When a new task is assigned to her, the task shows up in Ivanti, and Plaintiff updates the system with her progress on each task.

87. Significant amount of the tasks that Plaintiff receives in Ivanti arrive with a label of "**<u>past due</u>**."

88. This was a deliberate setup by Defendant Bouillard to paint a picture that Plaintiff is not performing her tasks on time.

89. Plaintiff complained to Kewan and copied Defendant Bouillard, who is the product owner, several times and asked to take appropriate corrective action regarding the "past due" items which were in reality not past due. No appropriate corrective action was ever taken.

90. The information contained in Ivanti is important as IT provides important data that captures and monitors Plaintiff's efficiency as an employee.

91. Past due tasks in Ivanti have a negative impact on Plaintiff's employment.

92. In response, Kewan told Plaintiff, "**No one monitors the tracking system**." Defendant Bouillard was copied on all emails.

93. However, that is contradicted by a report Plaintiff received that indicates that the tracking system is being tracked and monitored by ROLEX.

94. Defendant Bouillard stated, "This is the way it is going to be."

95. Defendant Bouillard specifically targeted Plaintiff for retaliation – by making it appear as though she has no work and all of her assigned tasks are "**past due**", Defendant Bouillard is trying to force Plaintiff out of her role and manufacture pretext in order to terminate her because she is over the age of forty (40) and because she engaged in protected activity by complaining in good faith of harassment on the basis of her age.

96. Plaintiff complained to ROLEX Human Resources Director Defendant Vaishville about this discrepancy in the tracking system and asked that it be fixed, so that Plaintiff is not penalized.

97. Defendant Vaishville suggested that Plaintiff speak to Defendant Goldberg, the Chief Financial Officer of ROLEX USA, about the discrimination, harassment, and retaliation.

98. Plaintiff contacted Defendant Goldberg to discuss the issues of illegal age discrimination, hostile work environment, and retaliation.

99. Defendant Goldberg refused to speak with Plaintiff.

100. Defendant Goldberg instructed Plaintiff to speak to Mr. Bouillard, her harasser and the individual who had had been discriminating against her, creating a hostile work environment, and retaliating against her for her opposition to illegal age discrimination.

101. At this point, after speaking to Defendant Human Resources Director Vaishville, and Defendant Chief Financial Officer Goldberg denying Plaintiff an opportunity to speak about the issues of age discrimination, hostile work environment, and retaliation, Plaintiff came to the realization that it would be futile to continue complaining.

102. It is customary practice at ROLEX that when an employee achieves twenty (20) years of service, they are publicly congratulated.

103. In a meeting in attendance by managers, Defendant Bouillard stated that it was Plaintiff's twenty (20) year anniversary with ROLEX and managers could congratulate her "if [they] wanted to." Defendant Bouillard discriminated against Plaintiff because of her age and retaliated against her because she opposed illegal discrimination.

104. Defendant Bouillard never congratulated Plaintiff himself, because of Plaintiff's age and because Plaintiff opposed illegal age discrimination.

105. ROLEX Geneva organized a workshop to design a new workflow for watch assembly. ROLEX Geneva requested only employees who were "inexperienced with a fresh view," thereby discriminating against all older workers.

106. ROLEX selected Tamana, a twenty-three (23) year old employee who was still on probation after having been employed less than three (3) months. ROLEX did not invite or suggest that

any workers over the age of forty (40) attend the workshop. Instead, they selected the youngest person they could.

107. ROLEX hired several consultants to work on projects that Plaintiff could easily complete with her experience. These consultants are paid at two (2) to four (4) times the rate that Plaintiff is paid for the same work. ROLEX discriminated against Plaintiff because of her age and retaliated against her because she engaged in protected activity.

108. In November 2019, Plaintiff had no active projects in her task list, because of her age and because she opposed illegal discrimination.

109. Plaintiff has practically been stripped of all of her responsibilities by ROLEX because of her age and in retaliation for her complaints of discrimination and a hostile work environment.

110. ROLEX has completely removed Plaintiff's ability to continue working in the same capacity she had worked in ROLEX since she was hired because of her age and because she engaged in protected activity.

111. Plaintiff spends her days working on First Level Support ticket items, which is a significant demotion as well as a remarkable departure from her level of expertise and experience at ROLEX.

112. ROLEX gave Plaintiff a meager 1.5% pay increase in 2019, the lowest increase she had ever received in her time at ROLEX.

113. Plaintiff's bonus for the 2019 year was significantly less than previous years.

114. When Plaintiff inquired with her manager, Maria Temchin, for the reason for the decreased bonus, she explained that Defendant Bouillard told her, "**It is because Zoya was on disability leave.**"

115. Projects that Plaintiff worked on prior to the reorganization were given to younger employees.

116. In or around January 27, 2020, Plaintiff and her manager complained to Defendant VAISHVILLE, not for the first time, that they have an empty board in Jira (project management software).

117. In or around February 3, 2020, Defendant Bouillard called a meeting regarding the projects and tasks for Plaintiff's team. Plaintiff's Application Delivery Team Supervisor was present at the meeting as well.

118. During the meeting Defendant Bouillard stated that he never will assign work to Plaintiff's team. Instead, Defendant Bouillard commanded Plaintiff and Ms. Temchin to "**go around and ask who needs help.**"

119. Defendant Bouillard specified: "anybody can give you work now, because your position is the lowest in the department and you should report to that person." Plaintiff was humiliated and disgraced about this command after her more than twenty (20) years working for ROLEX.

120. During the meeting, Defendant Bouillard confirmed that Plaintiff was assigned to work as first level support.

121. On or about March 3, 2020, ROLEX constructively terminated Plaintiff because of her age and in retaliation for her opposing illegal discrimination.

122. ROLEX made Plaintiff's work life so unbearable on account of her age, that no reasonable person in Plaintiff's shoes would be expected to continue working under these conditions.

123. Plaintiff claims constructive discharge.

124. Plaintiff is extremely embarrassed, distraught, and horrified at the hostile work environment, discrimination, and retaliation she has been subjected to by ROLEX such that her recovery from her medical conditions was adversely impacted.

**ROLEX Offers Severance to Older Workers**

125. In or around 2019, ROLEX laid off dozens of people from their "New Goods" department.

126. ROLEX management summoned the entire "New Goods" team into a room and announced that all of the employees in the New Goods department would be receiving "packages."

127. ROLEX created severance packages to ensure a peaceful exit without the liabilities associated with terminating a large group of people.

128. When younger employees approached ROLEX to inquire about their promised package, ROLEX management told them in private, **"The packages aren't for you**," and those employees continued to be employed by ROLEX while employees over under a certain age were terminated and provided severance packages, waivers, and releases.

129. Defendants discriminated against and constructively terminated Plaintiff because of Plaintiff's age, and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes.

130. Defendants' actions and conduct were intentional and intended to harm Plaintiff and those individuals who are over the age of forty (40).

131. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

132. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

133. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

134. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other

compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

135. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

136. The above are just some examples of the unlawful discrimination and retaliation to which the Defendants subjected the Plaintiff.

137. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

138. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

139. As a result of the above, Plaintiff has been damaged in an amount which exceeds the Jurisdictional limits of all Lower Courts.


**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**(As against the Defendant Companies/Corporations)**

140. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

141. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (a) provides in pertinent part that: It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

142. Throughout the course of Plaintiff's employment with Defendants, on numerous occasions Defendants made comments and remarks regarding hiring younger employees, about the ineffectiveness of older workers, and about not wanting to hire older workers. Defendants forced Plaintiff to undergo an intolerable working environment rife with ridicule as the result of her age. Defendants also demoted Plaintiff.

143. Plaintiff claims both Hostile Work Environment as well as disparate treatment because of her age.

144. Defendant ROLEX violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**(As against the Defendant Companies/Corporations)**

145. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

146. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership

has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

147. Plaintiff claims both Hostile Work Environment as well as disparate treatment because of her opposition to illegal discrimination.

148. Defendant ROLEX violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION
## NEW YORK STATE LAW
## (Against All Defendants)

149. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

150. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

151. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's age, and Plaintiff suffered numerous damages as a result.

152. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION**
**NEW YORK STATE LAW**
**(Against All Defendants)**

153. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

154. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

155. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

156. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

157. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING**
**NEW YORK STATE LAW**
**(Against All Defendants)**

158. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

159. New York State Executive Law § 296(6) provides that is shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

160. Defendants engaged in an unlawful discriminatory practice in violation of New York State

Executive Law § 296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct outlined by the above discriminatory and unlawful conduct.

161. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION**
**NEW YORK CITY ADMINISTRATIVE CODE**
**(Against All Defendants)**

162. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

163. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

164. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's age.

165. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

166. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR RETALIATION
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

167. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

168. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

169. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

170. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

171. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Individual Defendants)

172. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

173. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

174. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

175. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION**
**FOR INTERFERENCE UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Against All Individual Defendants)**

176. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

177. Section 8-107(19), titled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

178. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR SUPERVISOR LIABILITY UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(As against the Defendant Companies/Corporations)**

179. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

180. Section 8-107(13) titled "Employer liability for discriminatory conduct by employee, agent or independent contractor" provides

"An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

181. Defendants violated the above section as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices in the United States.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

Dated:   New York, New York
         February 2, 2021

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiff

By:      _/s/__*Danilo Bandovic*_____
         Danilo Bandovic, Esq.
         1 Pennsylvania Plaza, Suite 4905
         New York, New York 10119
         (212) 587-0760